Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyler Miller,<br><br>Plaintiff,<br><br>vs.<br><br>Canvas Credit Union, DBA Public Service Credit Union and All Star Retrievers, LLC,<br><br>Defendants. | Case No.<br><br>**COMPLAINT AND TRIAL BY JURY DEMAND** |

### NATURE OF ACTION

1. Plaintiff Tyler Miller ("Plaintiff") brings this action against Defendants Canvas Credit Union, DBA Public Service Credit Union ("CCU") and All Star Retrievers, LLC. ("ASR") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, Article 9 of the Arizona Uniform Commercial Code, A.R.S. § 47-9601 *et seq.*, and Arizona common law.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

Complaint - 1

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

4. Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

5. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

6. Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers. *Clark*, 460 F.3d at 1176.

7. In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress "clearly intended that private enforcement actions would be the primary enforcement tool of the Act." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982); *see also Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014).

8. Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals

are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

9. "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman*, 755 F.3d at 1117-18 (emphasis in original).

10. "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.,* 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

## THE UNIFORM COMMERCIAL CODE

11. "Article 9 of the UCC is a comprehensive statutory scheme governing the rights and relationships between secured parties, debtors, and third parties." *McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 373 S.C. 43, 53, 644 S.E.2d 43, 49 (2007).

12. Article 9 serves "to provide a simple and unified structure within which the immense variety of present-day secured financing transactions can go forward with less cost and with greater certainty." *Haas' Estate v. Metro–Goldwyn–Mayer, Inc.*, 617 F.2d 1136, 1140 (5th Cir. 1980).

13. Arizona law provides that upon a consumer's breach, secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." A.R.S. § 47-9609(B)(2).

## TRESPASS TO CHATTEL UNDER ARIZONA COMMON LAW

14. The tort of trespass to a chattel may be committed by intentionally dispossessing another of a chattel or using or intermeddling with a chattel in the possession of another. *Koepnick v. Sears Roebuck & Co.*, 158 Ariz. 322, 330–31, 762 P.2d 609, 617–18 (Ct. App. 1988) (citing *Restatement (Second) of Torts* § 217 (1965)).

15. "Dispossession" is defined as the intentional taking of a chattel from the possession of another without the other's consent, or the intentional barring of a possessor's access to a chattel. *Koepnick*, 158 Ariz. At 331 (citing The *Restatement (Second) of Torts* § 221 (1965)).

16. One who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if, (1) he dispossesses the other of the chattel, (2) the chattel is impaired as to its condition, quality, or value, (3) the possessor is deprived of the use of the chattel for a substantial time or (4) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest. *Koepnick*, 158 Ariz. At 331 (citing The *Restatement (Second) of Torts* § 221 (1965) Comment B).

## PARTIES

17. Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Phoenix.

18. Defendant, CCU, is a Colorado nonprofit corporation operating under the name Public Service Credit Union.

19. CCU is a "secured party" as defined by A.R.S. § 47-9102(A)(72).

20. ASR is an Arizona limited liability company that at all relevant times was acting as a repossession agent working at the behest of CCU.

21. ASR is an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

22. ASR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

23. On or about December 16, 2015, Plaintiff purchased a 2016 Honda Civic (the "Vehicle"), from non-party, Autonation Honda Chandler.

24. Plaintiff purchased the vehicle on credit and executed a loan agreement in Autonation Honda Chandler's favor (the "Contract").

25. As part of the Contract, Plaintiffs granted Autonation Honda Chandler and its assignees a security interest in the Vehicle.

26. The Vehicle constitutes "collateral" as defined by A.R.S. § 47-9102(A)(12).

27. Plaintiff Purchased the Vehicle for his own personal, family, and household use.

28. The Vehicle constitutes "consumer goods" as defined by A.R.S. § 47-9102(A)(23).

29. Sometime after the Contract was executed, it was assigned to CCU.

30. CCU is a "secured party" as defined by A.R.S. § 47-9102(A)(72).

31. Thereafter, Plaintiff made his payments under the Contract to CCU.

32. On or about October 27, 2020, the Vehicle was repossessed.

33. Plaintiff immediately contacted CCU and paid all amounts necessary to resume his loan with CCU and reclaimed the Vehicle.

34. Nonetheless, on or before November 10, 2020, just days after he had redeemed his vehicle, CCU hired ASR to repossess the Vehicle.

35. On November 10, 2020, ASR, working at the behest of CCU, repossessed Mr. Miller's vehicle.

36. At the time ASR took possession of Mr. Miller's vehicle, it had no legal authority to do so because he was not in default of his contract with CCU.

37. As a result of the taking of his vehicle, Mr. Miller has suffered actual damages.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692f(6)(A)
### ASR

38. Plaintiff repeats and re-alleges each factual allegation contained above.

39. ASR had no legal authority to repossess Plaintiff's vehicle or its contents.

40. ASR violated 15 U.S.C. § 1692f(6)(A) by taking or threatening to take non-judicial action to effect dispossession or disablement of Plaintiff's property where there was no present right to possession of the property claimed as collateral through an enforceable security interest.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that ASR violated 15 U.S.C. § 1692f(6)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF A.R.S. § 47-9609
## CCU

41. Plaintiff repeats and re-alleges each factual allegation contained above.

42. Arizona law provides that upon default, secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." A.R.S. § 47-9609(B)(2).

43. CCU had no right to repossess the Vehicle because Mr. Miller was not in default of his agreement with CCU.

44. Nonetheless, CCU repossessed the Vehicle.

45. CCU violated A.R.S. § 47-9609(B)(2) by illegally repossessing the Vehicle.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CCU violated A.R.S. § 47-9609(B)(2);

b) Awarding Plaintiff statutory damages, pursuant to A.R.S. § 47-9625(C)(2);

c) Awarding Plaintiff actual damages, pursuant to A.R.S. § 47-9625(C)(1);

d) Awarding Plaintiff his attorney's fees and costs incurred in this action;

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## COMMON LAW TRESPASS TO CHATTEL
## ASR AND CCU

46. Plaintiff repeats and re-alleges each factual allegation contained above.

47. ASR intentionally took possession of Plaintiff's vehicle and its contents.

48. At the time ASR took possession of Plaintiff's vehicle and its contents, Plaintiff did not consent to ASR's possession of his vehicle or its contents.

49. ASR had no legal authority to take possession of Plaintiff's' vehicle or its contents.

50. By taking possession of Plaintiff's vehicle and its contents, ASR "dispossessed" Plaintiff of his vehicle and its contents.

51. As a result of ASR's dispossession, Plaintiff was deprived of the use of his vehicle and its contents for a substantial time.

52. As a result of ASR's dispossession, Plaintiff suffered fear, anxiety, and stress, as well as the expense and disutility associated with forcing ASR and CCU to return the vehicle.

53. By intentionally dispossessing Plaintiff of his vehicle and its contents without legal authority to do so, ASR committed trespass to chattel.

54. ASR's actions in taking Plaintiff's vehicle without authority, evidence that its conduct was guided by willful or wanton disregard of the interests of others.

55. In Arizona, secured creditors are liable for the torts committed by their agents. *See Rand*, 216 Ariz. at 434 ("[W]e hold that the nondelegable duty exception applies to independent contractors hired to accomplish the self-help repossession of a motor vehicle. Accordingly, we conclude that although Interstate Recovery was an independent contractor, PFS remains liable for its trespass. . . .").

56. CCU, as the secured creditor that hired ASR, is liable for ASR's trespass to chattels.

57. Defendants' actions in taking Plaintiff's vehicle without justification evidence that its actions were outrageous and guided by an evil mind.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that ASR and CCU committed trespass to chattel with regard to Plaintiff's vehicle and its contents;

b) Awarding Plaintiff his actual damages in an amount to be proved at trial;

c) Awarding Plaintiff punitive damages in an amount to be proved at trial

d) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e) Awarding such other and further relief as the Court may deem proper.

**TRIAL BY JURY**

58. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: May 14, 2021

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com


Attorneys for Plaintiff