**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyler Miller,<br><br>           Plaintiff,<br><br>v.<br><br>All Star Retrievers, LLC, an Arizona limited liability company; and All-Star Retrievers, LLC, a Colorado limited liability company,<br><br>           Defendants. | No. CV-21-00885-PHX-DGC<br><br>**ORDER AND DEFAULT JUDGMENT** |

Plaintiff has filed a motion for default judgment against Defendants pursuant to Federal Rule of Civil Procedure 55(b)(2). Doc. 22. For reasons stated below, default judgment is appropriate and will be entered in the amount of $23,727.

**I.     Background.**

Plaintiff alleges that he purchased a 2016 Honda Civic from Autonation Honda Chandler in December 2015. Doc. 6 ¶ 23. The purchase contract was assigned to Canvas Credit Union ("CCU"). *Id.* ¶ 29. Defendants are debt collectors that serve as repossession agents for CCU. *Id.* ¶¶ 17, 20. Defendants repossessed Plaintiff's vehicle on November 10, 2020. *Id.* ¶¶ 34-35. Plaintiff claims that the repossession was unlawful because he was not in default of his contract with CCU. *Id.* ¶¶ 38-39.

The amended complaint asserts violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f(6)(A) (counts one and two), and the Arizona Uniform Commercial Code, A.R.S. § 47-9609(B)(2) (counts three and four). *Id.* ¶¶ 41-54. The complaint also asserts common law trespass to chattel claims. *Id.* ¶¶ 55-72 (counts five and six).

Defendants were served with process in August 2021 (Docs. 16, 17), but have not appeared in this action. Pursuant to Rule 55(a), the Clerk entered Defendants' default on December 1, 2021. Doc. 19. Plaintiff filed his motion for default judgment on April 4, 2022. Doc. 22. Defendants have filed no response and the time for doing so has expired. *See* Fed. R. Civ. P. 6; LRCiv 7.2(c).

## II. Default Judgment.

After the clerk enters default, the district court may enter a default judgment pursuant to Rule 55(b)(2). The court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). While the court it is not required to make detailed findings of fact, *see Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002), it should consider several factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits, *see Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### A. Prejudice to Plaintiff.

The first *Eitel* factor "considers whether the plaintiff will suffer prejudice if default judgment is not entered." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). This factor favors default judgment where the defendant fails to answer the complaint because the plaintiff "would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery." *Marquez v. Chateau Hosp., Inc.*, No. CV-20-0107 FMO (RAOx), 2020 WL 5118077, at *2 (C.D. Cal. June 11, 2020); *see PepsiCo*, 238 F. Supp. 2d at 1177 (same).

Despite being served with process more than eight months ago, Defendants have not answered or otherwise responded to the complaint. If default judgment is not entered, Plaintiff likely will be without recourse. The first *Eitel* factor favors default judgment.

### B.      Merits of the Claims and Sufficiency of the Complaint.

These *Eitel* factors are often analyzed together and require the court to consider whether the complaint states a plausible claim for relief under the Rule 8 pleading standards. *See PepsiCo*, 238 F. Supp. 2d at 1175; *Best W. Int'l Inc. v. Ghotra Inc.*, No. CV-20-01775-PHX-MTL, 2021 WL 734585, at *3 (D. Ariz. Feb. 25, 2021); *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). A claim is plausible when it is brought under a cognizable legal theory and the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must accept the allegations of the complaint as true when applying these *Eitel* factors. *See Ghotra*, 2021 WL 734585, at *2 (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

Counts one and two of the amended complaint assert FDCPA violations under § 1692f(6)(A). Doc. 6 ¶¶ 41-46. That provision makes it unlawful "to take any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property[.]" § 1692f(6)(A); *see Lewis v. Titlemax of Ariz. Inc.*, No. CV-21-00560-PHX-MTL, 2021 WL 4950350, at *2 (D. Ariz. Oct. 25, 2021) (explaining that the provision "applies to any 'property' that is the subject of repossession where 'there is no present right to possession of the property'"). Consistent with § 1692f(6)(A), the complaint alleges that Defendants had no legal authority to repossess Plaintiff's vehicle or its contents. Doc. 6 ¶¶ 38-39, 42, 45.

Counts three and four assert violations of A.R.S. § 47-9609(B)(2). *Id.* ¶¶ 47-54. That statute permits a secured party, after default, to take possession of collateral without judicial action. *Stewart v. Sw. Title Loans Inc.*, No. CV-20-01873-PHX-DLR, 2022 WL

508827, at \*1 (D. Ariz. Jan. 24, 2022); *see* Doc. 22 at 5.  As noted, Plaintiff was not in default of his contract with CCU when Defendants repossessed his vehicle.  Doc. 6 ¶¶ 38-39.  Under § 47-9625(B), Defendants are liable for the actual damages caused by their failure to comply with § 47-9609(B)(2).  *See* Doc. 22 at 5; *A Miner Contracting Inc. v. Safeco Ins. Co. of Am.*, No. 1 CA-CV 20-0205, 2021 WL 4477441, at \*3 (Ariz. Ct. App. Sept. 30, 2021).

Counts five and six assert trespass to chattel claims.  Doc. 6 ¶¶ 55-72.  "In Arizona, 'the tort of trespass to a chattel may be committed by intentionally dispossessing another of the chattel[.]"  *Sprint Commc'ns Co. v. W. Innovations, Inc.*, 618 F. Supp. 2d 1101, 1114 (D. Ariz. 2008) (citing *Koepnick v. Sears Roebuck Co.*, 762 P.2d 609, 617-18 (Ariz. Ct. App. 1988); Restatement (Second) of Torts § 217 (1965)).  "[D]ispossession may occur when someone intentionally assumes physical control over the chattel in a way which will be destructive of the possessory interest of the other person."  *Id.* (quoting *Koepnick*, 762 P.2d at 618).  The complaint alleges that by taking possession of Plaintiff's vehicle and its contents without legal authority, Defendants dispossessed Plaintiff of his vehicle and its contents.  Doc. 6 ¶¶ 59, 68.

Taking the well-pled factual allegations as true, the complaint sufficiently states plausible claims to relief.  The second and third *Eitel* factors favor default judgment.

### C.     Amount of Money at Stake.

Under the fourth *Eitel* factor, courts consider the amount of money at stake in relation to the seriousness of the defendants' conduct.  Plaintiff seeks a total of $30,327 – $1,000 in statutory damages, $5,200 in compensatory damages, $15,600 in punitive damages, $8,000 for attorney's fees, and $527 for costs.  *See* Doc. 22 at 7-10; Doc. 22-2 (Plaintiff's declaration).  With the exception of punitive damages, the Court finds these amounts to be reasonable for Defendants' willful and wrongful repossession of Plaintiff's vehicle.  *See id.*

Statutory damages in the amount of $1,000 are appropriate for the FDCPA violations.  *See* 15 U.S.C. § 1692k(a)(2)(A); *Stewart*, 2022 WL 508827, at \*2.

As a result of the wrongful repossession, Plaintiff suffered fear, anxiety, and stress, as well as the expense and disutility associated with forcing Defendants to return the vehicle. Doc. 6 ¶¶ 61, 70; Doc. 22-2 ¶¶ 4-14. Compensatory damages in the amount of $5,200 are reasonable.

Under Arizona law, punitive damages are available where the defendants engaged in reprehensible conduct and acted with an "evil mind." *Rawlings v. Apodaca*, 726 P.2d 565, 578 (Ariz. 1986). An evil mind exists when the defendants acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that its conduct might significantly injure the rights of others, even though defendants had neither desire nor motive to injure. *See Bradshaw v. State Farm Mut. Auto. Ins. Co.*, 758 P.2d 1313, 1324 (1988). Plaintiff alleges that Defendants acted willfully and with wanton disregard for his interest in the vehicle. Doc. 6 ¶¶ 63, 72; Doc. 22 at 7. The Court finds Plaintiff's request for $15,600 in punitive damages (three times his actual damages) to be somewhat excessive given the nature and facts of this case, but concludes that $10,000 in punitive damages is reasonable and sufficient to deter further wrongful conduct. *See Shurtleff v. State Farm Fire & Cas. Co.*, No. 1 CA-CV 09-0053, 2011 Ariz. App. Unpub. LEXIS 195, at *8 (Ariz. Ct. App. Mar. 8, 2011) ("State Farm's liability for punitive damages was established by its default status[.]").

Plaintiff has also established his entitlement to and the reasonableness of $8,000 in attorney's fees and $527 in costs. The FDCPA provides for the award of costs and reasonable attorneys' fees. *See* 15 U.S.C.A. § 1692k(a)(3); Doc. 22 at 8; Doc. 22-1 (counsel's declaration).[1]

### D. Potential Factual Disputes.

"This factor turns on the degree of possibility that a dispute concerning material facts exists or may later arise." *Talavera Hair Prods., Inc. v. Taizhou Yunsung Elec.*

---

[1] While the Court normally would wait until after entry of judgment to award attorneys' fees and costs, there is no point in doing so given Defendants' failure to respond to the complaint or any other filing in this case. Delaying the award would only multiply proceedings unnecessarily and require Plaintiff to incur additional expense.

*Appliance Co.*, No. 18-CV-823 JLS (JLB), 2021 WL 3493094, at *15 (S.D. Cal. Aug. 6, 2021) (citing *Eitel*, 782 F.2d at 1471-72). Where the defendant "defaults by refusing to answer and defend, the allegations in the well-pleaded complaint are presumed true and . . . there is no possible dispute of material facts." *D.A. v. Witt*, No. 2:17-CV-0337-MCE-DMC, 2021 WL 2802932, at *4 (E.D. Cal. July 2, 2021); *see Talavera*, 2021 WL 3493094, at *15 ("[A]ny purported factual dispute appears settled, as there is no indication that the Defaulted Defendants will defend against the action."). The fifth *Eitel* factor supports default judgment.

### E.     Whether Default Was Due to Excusable Neglect.

Plaintiff has filed affidavits showing proper service of process on Defendants under Federal Rule of Civil Procedure 4(e). *See* Docs. 16, 17. It therefore is "unlikely that [Defendants'] failure to answer and the resulting default was the result of excusable neglect." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008).[2] This factor favors default judgment.

### F.     Policy Favoring Decisions on the Merits.

Cases "should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, but the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive," *PepsiCo, Inc.*, 238 F. Supp. at 1177. Because Defendants' failure to respond "makes a decision on the merits impractical, if not impossible," *Gemmel*, 2008 WL 65604, at *5, this factor favors default judgment. *See also Ex parte Ward*, 264 So. 3d 52, 57 (Ala. 2018).

### G.     Conclusion.

Each *Eitel* factor favors default judgment. The Court will enter default judgment against Defendants and award Plaintiff $23,727 in damages, fees, and costs.

---

[2] Plaintiff also delayed filing his motion for default judgment to give Defendants an opportunity to appear once their default had been entered by the Clerk. *See* Doc. 21 at 1.

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Doc. 22) is **granted**.
2. Default judgment is entered in favor of Plaintiff Tyler Miller and against Defendants All Star Retrievers, LLC and All-Star Retrievers, LLC in the amount of **$23.727.00**.

Dated this 15th day of June, 2022.

*David G. Campbell*
David G. Campbell
Senior United States District Judge